IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

JASON BRISCOE and
JAMIE HULSEY,

    *Defendants.*

Case No. 16-10155-EFM

**MEMORANDUM AND ORDER**

Defendants Jason Briscoe and Jamie Hulsey were arrested the morning of November 18, 2016, when law enforcement entered the recreational vehicle ("RV") in which they were sleeping during the execution of a search warrant. The search warrant authorized the search of the "residence, outbuildings and vehicles" located at 215 South Main Street in Smolan, Kansas. It did not list the RV, which was parked adjacent to the residence. Defendants moved to suppress the evidence seized during the search of the RV and after they were taken into custody (Doc. 48). The Court granted Defendants' motion, concluding that the search of the RV violated the Fourth Amendment. This matter comes before the Court on the Government's motion for factual clarification and possible reconsideration of the Court's order granting Defendants' motion to suppress (Doc. 53).

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[1] A motion to reconsider may be granted when the Court has misapprehended the facts, a party's position, or the law.[2] Specific grounds include (1) an intervening change in the law; (2) new evidence that was previously unavailable; and (3) the need to correct clear error or manifest injustice.[3]

The Government asks the Court to correct two factual findings in its order and asserts that based on these corrected factual findings the Court should find that the officers' search of the RV was lawful under the good faith exception of *United States v. Leon*.[4] First, the Government asks the Court to correct its statement that law enforcement became aware of the RV on the property after obtaining the search warrant but before its execution. The Court agrees with the Government that this statement is incorrect. ATF Special Agent Aaron Chaffee testified that he saw the RV several days before the search warrant's execution. The warrant affidavit was executed on November 17, 2016, and the warrant was issued the same day. The search was executed under that warrant the following morning, on November 18. Therefore, law enforcement observed the RV several days before the affidavit was filed.

With this factual correction, the Government contends that the officers acted in good faith in believing that the warrant's authorization to search the "residence, outbuildings and vehicles" included the RV even if it was occupied at the time of the search. According to the Government, Special Agent Chaffee did not act in bad faith by considering the RV to be one of the "vehicles" listed in the warrant because he knew about the RV at the time the affidavit was submitted for

---

[1] *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997).

[2] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3] *Id.*

[4] 468 U.S. 897 (1984).

judicial review and intended it to be included in the category of "vehicles." However, the photographs of the property that were attached to the warrant application did not show the RV. Thus, it's not clear what Magistrate Judge Birzer intended in approving the search warrant because she was never notified of the presence of the occupied RV on the property.

Moreover, even if Agent Chaffee observed the RV several days before the affidavit was filed, this does not change the fact that law enforcement was aware that the RV was being used as a residence before it applied for the warrant. As the Court noted in its suppression order, a report from Kansas Highway Trooper Schulte stated: "There was also a camper behind the residence, and it was being occupied by other affiliates of Kuehn." Defendants had a reasonable expectation of privacy in the RV.[5] Therefore, law enforcement was required to obtain specific authorization before searching this property being used for residential purposes.

The Government next asks the Court to correct its statement that Defendant Briscoe was not mentioned in the search warrant or supporting affidavit. According to the Government, Defendant Briscoe was a subject of the investigation, and thus, the officers reasonably believed that they were authorized to search any vehicle on the property if Defendant Briscoe was sleeping in it. The Court agrees that it made a factual mistake in stating that Defendant Briscoe was not mentioned in the search warrant. But, again, this mistake has no bearing on the Court's determination that the search was unlawful. Even if Defendant Briscoe was mentioned in the warrant application's supporting affidavit, the fact still remains that Briscoe was using the RV as his residence, and the warrant application did not request, nor did the warrant grant, judicial authorization to search his residential property, in which he had an expectation of privacy.

---

[5] *See United States v. Higgins*, 282 F.3d 1261, 1270 (10th Cir. 2002) (stating that a reasonable expectation of privacy exists when (1) a defendant has a subject explanation of privacy in the premises searched and (2) society is prepared to recognize that expectation as reasonable).

The Court recognizes the factual errors within its suppression order. These errors, however, do not change its analysis or ultimate conclusion regarding the legality of the search. There is no need in this situation to correct clear error or prevent manifest injustice. Therefore, the Government's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that the Government's Motion for Factual Clarification and Possible Reconsideration (Doc. 53) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE